IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SYFUDEEN ASANTY, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| SOLVAY SPECIALTY POLYMERS ) | |
| USA, LLC, and THE ATLANTIC ) | |
| GROUP, INC., d/b/a DAY & ) | |
| ZIMMERMAN, ) | |
| ) | |
| Defendants. | |
| _____ | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Syfudeen Asanty, by and through undersigned counsel, and files this his Complaint for Damages against Defendants Solvay Specialty Polymers USA, LLC ("Defendant Solvay") and The Atlantic Group, Inc. ("Defendant D&Z") (Defendant Solvay and Defendant D&Z collectively referred to as "Defendants") stating as follows:

1

## NATURE OF COMPLAINT

1.

Plaintiff brings this action to recover damages for Defendant's unlawful retaliation against him in violation of Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4).

3.

Defendants are subject to specific jurisdiction in this Court over the claims asserted in this action. In addition, a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District. In accordance with 28 U.S.C. §§ 1391(b)(1) and (2), venue is appropriate in this Court.

## PARTIES

4.

Plaintiff is an African American citizen of the United States of America, and is subject to the jurisdiction of this Court.

5.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

6.

Defendant D&Z may be served with process by delivering a copy of the summons and complaint to its registered agent, CT Corporation System, 289 S. Culver St., Lawrenceville, GA 30046.

7.

Defendant Solvay may be served with process by delivering a copy of the summons and complaint to its registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia, 30092.

**FACTUAL ALLEGATIONS**

8.

Defendant Day & Zimmerman is a staffing company. On or about March 15, 2021, Defendant D&Z placed Plaintiff to work as onsite maintenance for Defendant Solvay. Given the circumstances of Plaintiff's work environment, Plaintiff was jointly employed by Day & Zimmerman and Solvay. On or about March 25, 2021, Bobby Carroll, Facility Operations Manager & Instrumentation Engineer for Defendant Solvay, a Caucasian, told Plaintiff to take measurements

3

regarding a problem with the boiler. Plaintiff did not have a SOP (Standard Operating Procedure) safe work permit, so he could not take the measurements, which required opening the boiler doors. The doors on the boiler could not be opened without a safe work permit.

9.

Between March and the end of May 2021, supervisors at Solvay continuously treated Plaintiff differently than his Caucasian peers by, among other things, closely scrutinizing and reviewing his work where there were no issues and assigning work to Plaintiff that was outside of his job responsibilities.

10.

On May 25, 2021, Plaintiff complained to Chris Carter, temporary maintenance supervisor from Greenville, South Carolina, and Tim Baldwin, who was to replace Carter, that Plaintiff considered there to be "systemic racism" there. Plaintiff also complained to Cater and Baldwin that other less-experienced, white employees were being assigned his tasks, particularly in the boiler room. He asked Carter and Baldwin if this was happening because he is Black. Carter and Baldwin are Caucasian and both acknowledged that there were race issues.

11.

On June 10, 2021, Chris Carter called Plaintiff and told him he was

terminated. Plaintiff told Carter that there was systemic racism by Bobby Carroll. Chris Carter said, "yea, that's how Bobby is."

12.

Any reason Defendant asserts for terminating Plaintiff's employment is pretext for unlawful retaliation for Plaintiff in engaging in protected activity.

13.

Defendant D&Z had control over the terms and conditions of Plaintiff's employment, including, without limitation, his rate of compensation and responsibility for some human resources functions.

14.

Defendant Solvay had control and influence over the terms and conditions of Plaintiff's employment, including his job duties, supervision, and the decision to terminate Plaintiff.

15.

Defendants jointly employed Plaintiff and are jointly liable for violating Title VII by the conduct described herein.

## CLAIM FOR RELIEF

## COUNT I

## RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

16.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

17.

Plaintiff is African American and black in color. Plaintiff had an employment agreement with Defendants within the meaning of 42 U.S.C. § 1981, under which, *inter alia*, Plaintiff worked for Defendants, and Defendants compensated Plaintiff for work.

18.

Plaintiff performed his contractual obligations.

19.

Defendants violated Plaintiff's rights under 42 U.S.C. § 1981.

20.

Plaintiff is a member of a protected class.

21.

Plaintiff's complaints and opposition to racist conduct constitute protected activity under 42 U.S.C. § 1981.

22.

Defendant subjected Plaintiff to adverse action (to wit, termination) because of his protected conduct. The adverse action to which Plaintiff was subjected would dissuade a reasonable employee from making or supporting a charge of discrimination.

23.

There was a causal connection between the protected conduct and the adverse action of termination.

24.

As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

25.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

26.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

## COUNT II:  RETALIATION IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

27.

Plaintiff re-alleges paragraphs 7-15 as if set forth fully herein.

28.

Plaintiff engaged in protected conduct when he complained about race- and color-based based discrimination in violation of Title VII.

29.

Defendants subjected Plaintiff to adverse employment actions after Plaintiff engaged in protected conduct.

30.

There was a causal connection between the protected conduct and the adverse action.

31.

As a direct and proximate result of these actions, Plaintiff has suffered damages.

32.

Defendants willfully and wantonly disregarded Plaintiff's rights, and Defendants' retaliation against Plaintiff was undertaken in bad faith. Plaintiff is therefore entitled to punitive damages.

33.

Accordingly, Defendants are liable for the damages Plaintiff has sustained as a result of Defendants' unlawful retaliation.

**WHEREFORE**, Plaintiff prays the court for judgment and relief as follows:

(a) General damages for mental and emotional suffering caused by Defendants' unlawful conduct;

(b) Punitive damages based on Defendants' willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorneys' fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendants have violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendants from further unlawful conduct of the type described herein; and

(i) All other relief to which he may be entitled.

Respectfully submitted, this 1st day of October, 2021.

**BARRETT & FARAHANY**

/s/ V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
Attorney for Plaintiff

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile
severin@justiceatwork.com